DIAMONITE MANUFACTURING CORPORATION et al., Appellants,

v.

CLARK CONSTRUCTION COMPANY et al., Appellees.

Court of Appeals of Kentucky.

Oct. 24, 1969.

Robert G. Hunt, King, Deep, Branaman & Hunt, Henderson, for appellants.

William L. Sullivan, Dorsey & Sullivan, George E. Stigger, III, Perdue & Stigger, Henderson, for appellees.

CLAY, Commissioner.

This appeal is taken from an order appointing a receiver to collect the assets of a corporation which had gone out of business and to ascertain the just claims against it. Such an order is appealable. KRS 27.061.

The action was commenced as a stockholders' derivative suit. The corporation involved is Diamonite Manufacturing Corporation, which appears in the complaint as both a plaintiff and a defendant.

The corporation went out of business in 1967, and its plant and equipment were sold at public auction. At the time the suit was instituted the only asset of the corporation was approximately $26,000 in cash. The president, one of the principal defendants, had moved to Illinois and had taken the corporate records with her. The other involved officers are nonresidents. The president has a substantial claim against the corporation for back salary (not disputed) and there is at least one other outstanding claim against it.

The nub of the main controversy is the claim by the stockholders that the president and two other officers of the corporation fraudulently cancelled certain promissory notes aggregating $12,500 on which they were indebted to the corporation. The position of the stockholders is that the officers of the corporation will dissipate its funds without satisfying their alleged indebtedness to it.

Appellants raise numerous questions in their brief, but the ultimate issue on this appeal is whether the Chancellor abused his discretion in appointing a receiver. In the light of practical and equitable considerations, we are convinced he did not. The significant facts are that Diamonite is a Kentucky corporation; it has gone out of business; its remaining cash asset is within the jurisdiction of the court; there is a controversy concerning the indebtedness of the officers to the corporation; there is a possibility or probability that those officers will distribute that asset without paying their alleged obligations; and the corporation cannot obtain independent personal judgments against the officers in Kentucky because they are nonresidents. Cutting through all the complicated aspects of this stockholders' derivative suit, this would appear to be a proper case for the appointment of a receiver under KRS 27.061.

One other significant factor impresses us. The appointment of a receiver for the limited purpose of collecting a single cash asset and determining the just claims against the corporation could not adversely affect the rights of the corporation or the rights of the defendant officers. As we understand the situation, there is little or no controversy about the outstanding claims against Diamonite but there is a question whether the officers are indebted to it. In effect the receiver was simply appointed to maintain the status quo when the officers could not be reached by injunctive process. Since the officers have claims against the corporate assets (as stockholders or otherwise) and claims have been asserted against them, the Henderson Circuit Court is the proper forum in which to settle the controversy.

Suits for the appointment of a receiver are equitable in nature. KRS 271.555(1). All of the equities of this case justify the action taken by the trial court.

The order appointing a receiver is affirmed.

All concur.